UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:26-CV-60330-MIDDLEBROOKS/AUGUSTIN-BIRCH

EMILIANO GARAY GARCIA,

      Petitioner,

v.

KRISTI NOEM, SECRETARY, U.S.
DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

      Respondents.

_____/

## REPORT AND RECOMMENDATION ON
## <u>VERIFIED PETITION FOR WRIT OF HABEAS CORPUS</u>

This cause comes before the Court on Petitioner Emiliano Garay Garcia's Verified Petition for Writ of Habeas Corpus. DE 1. The Honorable Donald M. Middlebrooks, United States District Judge, referred the Petition to the undersigned United States Magistrate Judge to take all action required by law. DE 5. Respondents filed a response to the Petition. DE 8. The Court has carefully considered the briefing and the record and is fully advised in the premises. The Court **RECOMMENDS** that the Petition [DE 1] be **GRANTED** insofar as Respondents be ordered to, within seven days, either afford Petitioner an individualized bond hearing before an Immigration Judge or release him.

### I.      Background

This case is one of hundreds of cases around the country stemming from the Department of Homeland Security's ("DHS") recent changes to its interpretation of the Immigration and Nationality Act's ("INA") detention provisions and the Board of Immigration Appeals' ("BIA")

agreement with that interpretation in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Two INA detention provisions are at issue, 8 U.S.C. § 1225(b)(2) and 8 U.S.C. § 1226(a). Section 1225(b)(2) states that, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." 8 U.S.C. § 1225(b)(2)(A).

Section 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." *Id.* § 1226(a). But § 1226(a) provides that an alien awaiting a decision on removal may be released on bond instead of continuing to be detained. *Id.* "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

On July 8, 2025, DHS informed Immigration and Customs Enforcement ("ICE") employees that § 1225(b)(2), rather than § 1226(a), applies to all non-citizens present in the United States who have "not been admitted . . . whether or not at a designated port of arrival." *Merino v. Ripa*, No. 25-23845-CIV, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025) (quoting *ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission*, AILA Doc. No. 25071607 (July 8, 2025)). DHS has taken the position that all non-citizens present in the United States who have not been admitted or paroled are applicants for admission and are subject to mandatory detention under § 1225(b)(2), without the possibility of bond. *Id.* On September 5, 2025, BIA agreed with this interpretation, issuing a binding ruling in *Matter of Yajure Hurtado* that Immigration Judges lack the authority to hear bond requests or to grant bonds to non-citizens who are present in the United States without admission because those non-citizens are properly

detained under § 1225(b)(2).  *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  With this background in mind, the Court turns to the facts of this case.

Petitioner states that he is a citizen of Mexico who continuously has resided in the United States since at least 2003.  DE 1 ¶¶ 18, 61.  He is the father of three children who are United States citizens and is engaged to a United States citizen.  *Id.* ¶¶ 3–4, 21, 63.  He has no criminal history other than traffic infractions.  *Id.* ¶¶ 20, 62, 67.  He has been employed and paid taxes.  *Id.* ¶¶ 20, 62, 65.  ICE detained him in September 2025, and he currently is in removal proceedings.  *Id.* ¶¶ 2–3, 68.  He intends to pursue asylum and withholding and cancellation of removal.  *Id.* ¶¶ 3, 22.  He is detained at the Broward Transitional Center in Pompano Beach, Florida and has been denied a bond hearing.  *Id.* ¶¶ 1, 7, 19, 69.

## II.      Analysis

Petitioner contends that his continued detention without a bond hearing violates the INA, the Administrative Procedure Act, federal regulations, and his right to due process under the Fifth Amendment to the United States Constitution.  *Id.* at 18–23.  Among the relief he seeks is a writ of habeas corpus requiring Respondents to release him or conduct an individualized bond hearing.  *Id.* at 24.  Respondents assert that Petitioner has named incorrect Respondents and that he properly is detained without bond under 8 U.S.C. § 1225(b)(2).  DE 8.

### A.  The Correct Respondent

Respondents argue that Petitioner incorrectly has named various Respondents.  *Id.* at 1 n.1.  They maintain that, because he is detained at the Broward Transitional Center, his custodian and the only correct Respondent is the Warden of the Broward Transitional Center.  *Id.*

A writ of habeas corpus must "be directed to the person having custody of the person detained."  28 U.S.C. § 2243.  "[T]here is generally only one proper respondent to a given

prisoner's habeas petition," and that is the custodian "with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004).  Petitioner's claims against all Respondents other than the Warden of the Broward Transitional Center should be dismissed.

## B.  The Appropriate Statute Governing Petitioner's Detention

Respondents assert that the Petition must be denied because Petitioner properly is detained without bond under 8 U.S.C. § 1225(b)(2).  Respondents maintain that § 1225(b)(2) applies to all non-citizens who are present in the United States without admission.

This Court already has rejected Respondents' position, and Judge Middlebrooks has agreed. *Sanchez v. Noem*, No. 0:25-CV-62677, 2026 WL 218739, at *2–3 (S.D. Fla. Jan. 20, 2026) (concluding that "Petitioner's detention is governed by 8 U.S.C. § 1226(a), [and] Petitioner is entitled to an individualized bond hearing before an immigration judge"), *report & recommendation adopted*, 2026 WL 222556 (S.D. Fla. Jan. 28, 2026); *Gonzalez*, 2025 WL 4053421, at *4 (concluding that "Petitioner's detention is governed by 8 U.S.C. § 1226(a), [and] Petitioner is entitled to an individualized bond hearing before an immigration judge"), *report & recommendation adopted*, 2026 WL 115211.  Likewise, many courts in this District and around the country have rejected Respondents' position.[1]  *E.g., Merino*, 2025 WL 2941609, at *3 ("DHS's

---

[1] The Fifth Circuit recently reached a contrary conclusion in a split decision.  *See Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  That opinion is not binding on this Court.  Following the decision in *Buenrostro-Mendez*, courts within this Circuit have declined to follow its majority opinion, finding its dissenting opinion more persuasive.  *E.g.*, *Vasquez Lopez v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-147-JES-NPM, 2026 WL 369362, at *2 (M.D. Fla. Feb. 10, 2026) (recognizing *Buenrostro-Mendez* but determining that the majority opinion was "contrary to the overwhelming majority of district court judges to have considered the issue"); *Rostislav Malikov v. Bondi*, No. 2:26-CV-00172-SPC-NPM, 2026 WL 395296, at *1 n.1 (M.D. Fla. Feb. 12, 2026) ("The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez* . . . which agreed with the government's interpretation of the INA.  The decision is not binding here, and it contradicts the vast majority of district court opinions addressing the issue.  The Court respectfully disagrees with the majority's reasoning and finds Judge Douglas's dissent more persuasive.").

interpretation of the applicability of § 1225(b)(2), rather than § 1226, to noncitizens who have resided in the count[r]y for years and were already in the United States when apprehended, runs afoul of the statutes' legislative history, plain meaning, and interpretation by courts in the First, Second, Fifth, Sixth, Eighth, and Ninth Circuits."); *Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369, at *5 (S.D. Fla. Oct. 15, 2025) ("[N]umerous courts that have examined the interpretation of section 1225 articulated by Respondents—particularly following the BIA's decision in *Matter of Yajure Hurtado*—have rejected their construction and adopted Petitioner's.").

Section 1225(b) "applies primarily to aliens seeking entry into the United States." *Jennings*, 583 U.S. at 297. In contrast, § 1226(a) "applies to aliens already present in the United States." *Id.* at 303. Petitioner was detained while he already was present in the United States, not while he was seeking entry into the United States. According to Petitioner, he had lived in the United States for more than two decades by the time he was detained. His detention is governed under § 1226(a), not under § 1225(b)(2). *See Merino*, 2025 WL 2941609, at *3 ("Petitioner, who has resided in the country for nearly a decade and was apprehended while already within the United States, not at the border, falls under § 1226(a), not § 1225(b)(2), and is therefore subject to discretionary bond determination."). As Petitioner's detention is governed under § 1226(a), he must receive an individualized bond hearing before an Immigration Judge. *See Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

### III.    Recommendation

Accordingly, the Court **RECOMMENDS** that Petitioner's claims against all Respondents other than the Warden of the Broward Transitional Center be dismissed. The Court further **RECOMMENDS** that the Verified Petition for Writ of Habeas Corpus [DE 1] be **GRANTED**

insofar as Respondent be ordered to, within seven days, either afford Petitioner an individualized bond hearing before an Immigration Judge or release him.

While a party normally has fourteen days to serve and file written objections to any of the findings and recommendations in a report and recommendation, *see* 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a), this case warrants a shorter objection period.  Within **seven days** of being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations.  Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 24th day of February, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

6